440 F.2d 664
 76 L.R.R.M. (BNA) 2609, 64 Lab.Cas. P 11,531
 OIL TRANSPORT COMPANY, Petitioner, Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner.
No. 29896 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
431 F.2d 409 Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 25, 1971.
 
 Allen P. Schoolfield, Jr., Michael Jay Kuper, Schoolfield & Smith, Dallas, Tex., for petitioner, cross-respondent.
 Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D.C., Elmer P. Davis, Director, Region 16, N.L.R.B. Fort Worth, Tex., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Charles N. Steele, Ira Goldberg, Attys., N.L.R.B., for respondent, cross-petitioner.
 G. William Baab, Mullinax, Wells, Mauzy & Collins, Dallas, Tex., for intervenor.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 We deny the petition of the employer to review and set aside the order[1] and grant the cross-petition of the Board for enforcement.
 
 
 2
 There is substantial evidence to support the Board's findings that the Company violated 8(a)(1) and (2) of the Act by creating the impression of surveillance of union activities, coercively interrogating employees about their union preferences, and engaging in threats and promises to induce employees to support one union rather than another.
 
 
 3
 The only issue requiring discussion is the Board's conclusion that the Company also violated 8(a)(1) and (2) by recognizing and contracting with UTE (Union of Transportation Employees) at a time when there was a real question of representation between UTE and a rival union, the Teamsters, who also were engaged in an effort to organize the company. In such a situation, the employer has a duty of strict neutrality. He may not determine for his employees the question of representation, thereby avoiding the orderly procedures required for determination of that question. In NLRB v. Signal Oil & Gas Co., 303 F.2d 785 (5th Cir. 1962), this Circuit has discussed at length the obligation of the employer where there are competing unions and 'the situation (has) not crystallized,' not to exert influence thereby tipping the scales and 'depriving the employees of their right to select their representative in a free contest between the rival organizations.' Id. at 787; see also Midwest Piping & Supply Co., 63 NLRB 1060 (1945).
 
 
 4
 When the company negotiated with UTE, it was proffered 50 cards from a unit of 80. The president rejected one card and found the other 49 valid on the basis of personal recollection of signatures. Ultimately it developed that six of the 49 cards were signed by employees who signed Teamster cards after signing UTE cards. The Board declined to rest its decision of premature recognition on the finding of the Trial Examiner that UTE did not represent an uncoerced majority. The Board was not required, as a prerequisite to existence of a real question of representation, to conclude that UTE was in a minority status. Moreover, the issue of whether there is a real question of representation may not be resolved by application of only a mathematical approach, NLRB v. Clement Bros. Co., 407 F.2d 1027 (5th Cir. 1969), although, of course, the existence or nonexistence, and the size of, an uncoerced majority are relevant considerations in determining if there was a substantial question of representation as between the two unions. Considering all the evidence, we are unable to say that there is not substantial evidence supporting the Board's conclusion.
 
 
 5
 Cases of this nature peculiarly turn on the facts. In American Beef Packers, Inc., 180 NLRB No. 97, the Board reached a conclusion contrary to that in the present case. There the recognized union did have an uncoerced majority, and the employer had not engaged in pre-recognition conduct supporting the recognized union and opposing its competitor in violation of 8(a)(1) and (2). In American Bread Co. v. NLRB, 411 F.2d 147 (6th Cir. 1969), where the Sixth Circuit declined to enforce, the recognized union had a clear majority, employee sentiment had 'crystallized' into a manifest preference, there had been no interference by the employer with the right of employee to make of free choice, and no intrusion of employer economic power to oppose adherence to a particular group.
 
 
 6
 The fact that the Teamsters had made no demand for representation when the company signed with UTE is not determinative. Receipt of a demand is evidence of, but not prerequisite to, the existence of question of representation.
 
 
 7
 Enforcement granted.
 
 
 
 [1]
 The Board order is reported at 182 NLRB No. 148